99 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Mark H. ALEXANDER; Phyllis N. Alexander, individually and
as trustees of the Alexander Family Trust; Vincent Diserio;
Joyce H. Diserio, individually and as trustees of the Trust
dated November 6, 1980; Betty Hazelbaker, Plaintiffs/Appellees,
v.
John J. STARK, Defendant/Appellant.
Mark H. ALEXANDER, et al., Plaintiffs,
v.
Robert L. THOMAS, et al., Defendants.
Carol STARK, Defendant/Appellant,
v.
Jim LANCE, Mary Waltari and Post, Kirby, Noonan & Sweat, Appellees.
 
 No. 94-56378, 95-55329.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 16, 1995.
Withdrawn from Submission Nov. 24, 1995.
Resubmitted June 4, 1996.
Decided Oct. 15, 1996.
 Before: FLETCHER, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mark Alexander and other investors ("Investors")[1] sued John Stark for misrepresentation in violation of section 12(2) of the Securities Act of 1933, 15 U.S.C. § 771(2), and Rule 10b-5 of the Securities and Exchange Commission, 17 C.F.R. § 240.10b-5. The complaint also alleged various claims under state law, including violations of California Corporations Code §§ 25401 and 25503, and a claim of professional negligence. All the claims against Stark arose from his involvement in the sale of limited partnership interests in Sweetwater Plaza East, Ltd. ("SPE"). The jury returned verdicts against Stark on three claims: violation of section 12(2) of the Securities Act, violation of California Corporations Code § 25401, and professional negligence. Stark then moved for judgment as a matter of law on the section 12(2) claim and for new trial of all three claims. Stark appeals from the district court's denial of these motions.
 
 
 3
 In a related appeal, Carol Stark, wife of John Stark, challenges the denial of her motion for sanctions against Investors' attorneys for adding her as a defendant and for opposing her motion for summary judgment.
 
 
 4
 We have jurisdiction under 28 U.S.C. § 1291. We affirm the judgment against John Stark. We also affirm the district court's denial of Carol Stark's motion for sanctions.
 
 I.
 
 5
 We need not set forth all of the facts relevant to Stark's claims because the parties are familiar with them. At the outset, we note that, soon after the parties filed their briefs in this appeal, the Supreme Court held that section 12(2) does not apply to private offerings of securities. See Gustafson v. Alloyd Co., 115 S.Ct. 1061, 1071 (1995) ("the intent of Congress and the design of the statute require that § 12(2) liability be limited to public offerings."). The offering by Thomas, O'Brien and Associates of limited partnership interests in SPE to Investors was a private offering to which section 12(2) is inapplicable.[2] Accordingly, we vacate the jury's verdict against Stark on the section 12(2) claim.
 
 II.
 
 6
 The parties agreed, however, that judgment should be entered in favor of Investors for the highest amounts awarded by the jury under its various verdicts. Accordingly, the judgment must be affirmed if the verdict under Cal.Corp.Code § 25401 is sustained.[3] Stark argues that the district court should have granted his motion for a new trial on that claim because the verdict was against the great weight of the evidence. We review the district court's denial of Stark's motion for a new trial under an abuse of discretion standard. Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 278 (1989). We conclude that the district court did not abuse its discretion in denying the new trial.
 
 
 7
 Stark contends that the great weight of evidence demonstrated that he was not a "seller" of securities under section 25401. The district court, without objection from Stark, instructed the jury that a person is liable as a seller if, among other things, he or she "materially assists in the violation of section 25401 with the specific intent to deceive or defraud." There was considerable evidence in the record to support a finding by the jury that Stark assisted in the violation and intended to convey false representations about SPE. Stark represented that he had checked out or done his "homework" on SPE; either he misrepresented that he had checked the facts, or he checked them and must have known that the representations were false. In light of the entire record, the jury's verdict was not against the great weight of the evidence.
 
 
 8
 Stark contends, however, that if the jury found that he intended to deceive and thus was liable under section 25401, then that verdict is inconsistent with the jury's other verdicts on the section 12(2) and Rule 10-b(5) claims. Stark's argument is complex, and depends for its success on our accepting Stark's view of what the jury necessarily must have found in reaching its various verdicts regarding him and Thomas.
 
 
 9
 The jury returned a verdict against Stark on the section 12(2) claim. The jury found in favor of Stark, but against Thomas, on Investors' Rule 10b-5 claim. As Stark points out, the 10b-5 claim required proof of two elements that the section 12(2) claim did not: (1) Investors reasonably relied on the respective defendants' statements; and (2) defendants acted knowingly or with reckless disregard for the truth. Stark argues that the jury must have found him not liable under Rule 10-b(5) on ground (2), that he lacked scienter. His reason is that the jury returned a verdict against Thomas on the 10b-5 claim despite the fact that none of the Investors had ever spoken with Thomas. Stark believes that the jury must have found that Investors reasonably relied on Thomas's statements by reasonably relying on Stark's reiterations of those statements. Since the jury thus reasonably relied on Stark's communications, it must have found that he did not know that they were false. This finding of lack of scienter for purposes of the Rule 10b-(5) verdict would then be inconsistent with the jury's implicit finding of specific intent to deceive for purposes of the section 25401 verdict.
 
 
 10
 We are not convinced by Stark's string of assumptions and inferences. Because the jury returned general verdicts on the section 25401 and Rule 10b-5 claims, it is impossible to ascertain the theories or elements that the jury considered in reaching its determinations. As we will explain, there is at least one way in which the verdicts may be viewed as consistent. Where there is a reasonable way to view the jury's verdicts as consistent, we will not construe them in a way that renders them inconsistent. See Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 364 (1962). We will reconcile the verdicts on "any reasonable theory consistent with the evidence." Ortiz v. Bank of America Nat'l Trust & Sav. Ass'n, 852 F.2d 383, 388 (9th Cir.1987).
 
 
 11
 Stark incorrectly assumes that all of his own statements amounted to no more than repetition of statements by Thomas. Stark did more than merely pass Thomas's statements on to Investors. There was evidence that Stark told Investors that he had done his own independent research or "homework" regarding SPE, and that Stark opined that SPE was a good investment. The record thus supports a jury finding that Stark communicated more than the "facts" of which Thomas informed him. In its Rule 10b-5 verdict for Stark, the jury could have found that the independent statements by Stark were false and uttered with intent to deceive, but that Investors did not reasonably rely on them.
 
 
 12
 There was sufficient evidence for the jury to find that Investors did not reasonably rely on Stark's independent statements. The Private Placement Memorandum stated that no one had been authorized to give any information or make any representations not contained in the Memorandum, and that investors must not rely upon such additional representations. There was evidence from which the jury could infer that Investors read this disclaimer. Thus the jury could have found that Investors' reliance on any statements by Stark, besides those contained in the Memorandum, was not reasonable.[4]
 
 
 13
 Because the jury could have returned a verdict for Stark on the 10b-5 claim by finding that Stark knowingly made false statements but that Investors' reliance on those statements was not reasonable, the 10b-(5) verdict is not necessarily inconsistent with a section 25401 verdict based on assistance and intent to deceive.[5] Unlike Rule 10b-5, section 25401 has no requirement of reasonable reliance as a predicate to liability. Lynch v. Cook, 196 Cal.Rptr. 544, 553-54 (App.1983).[6] The trial court accordingly did not abuse its discretion in denying a new trial on the section 25401 claim on the ground of inconsistency of the verdicts.
 
 
 14
 Stark also argues that the district court improperly denied his motion for a new trial on the section 25401 claim because the section 25401 verdict essentially required a jury finding of negligence, and the great weight of the evidence demonstrated that he was not negligent. We need not address this contention because we have concluded that the jury could have found Stark liable on the alternative ground that he assisted a violation of section 25401 with the specific intent to deceive or defraud.[7]
 
 III.
 
 15
 Stark argues that the district court abused its discretion by denying his new trial motion on the state law negligence claim. Because we uphold the section 25401 verdict against Stark, which supports the entire amount of the judgment, we need not reach this issue.
 
 IV.
 
 16
 Carol Stark argues that the district court erred in denying her motion for attorneys' fees under Fed.R.Civ.P. 11 and 28 U.S.C. § 1927.[8] We review both the district court's Rule 11 and § 1927 determinations for an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990); New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1305 (9th Cir.1989). We conclude that the district court did not abuse its discretion in denying sanctions.
 
 
 17
 The relevant standard for Rule 11 determinations, which the district court applied, is whether a "competent attorney would believe that the claims were well grounded in fact and warranted by law," and also whether there was "an improper purpose." See Maisonville v. F2 America, Inc., 902 F.2d 746, 748 (9th Cir.1990), cert. denied, 498 U.S. 1025 (1991). The district court acted within its discretion in ruling that a competent attorney would have believed that a well-grounded and well-supported claim could be made against Carol Stark. As the district court noted, it was reasonable to believe that a husband and wife would discuss their income, so that Carol Stark would know that her husband was receiving commissions, and that her investment in the securities her husband was urging on others was an attempt to boost the credibility of the investment. In addition, Carol Stark visited SPE with the Diserios and was not a passive investor. These factors were sufficient to support a competent attorney's belief in a well-grounded claim, as well as to cause a likely anticipation on Carol Stark's part that she would be made a defendant, thus supporting Investors' "relation-back" argument under Fed.R.Civ.P. 15(c). Investors' counsel was not required to accept Carol Stark's own exculpatory statements. The district court accordingly did not abuse its discretion in declining to impose Rule 11 sanctions against Investors for filing the complaint. Nor did the district court abuse its discretion in concluding that sanctions were not in order for plaintiffs' opposition to Carol Stark's motion for summary judgment. The plaintiffs made arguments with citations to material in the record that arguably supported their positions, even though the evidence was ultimately found wanting. The district court therefore acted within its discretion in denying Rule 11 sanctions. It follows as well that there was no abuse of discretion in denying sanctions under 28 U.S.C. § 1927 for the same conduct. See New Alaska Dev. Corp., 869 F.2d at 1306 (section 1927 requires showing of bad faith, as in knowingly raising a frivolous claim).
 
 V.
 
 18
 We vacate the jury's verdict against John Stark on the section 12(2) claim. The judgment, however, is adequately supported by the jury's verdict under section 15401. The district court did not abuse its discretion in denying John Stark's motion for new trial on the section 25401 claim; it correctly determined that the section 25401 verdict was not irreconcilably inconsistent with the verdicts on the section 12(2) and Rule 10b-5 claims. We therefore affirm the judgment against John Stark.
 
 
 19
 We also affirm the district court's denials of section 1927 sanctions and Rule 11 sanctions for adding Carol Stark as a defendant and opposing her motion for summary judgment.
 
 
 20
 No. 94-56378 and No. 94-55329: AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The appellee/investors are: The Alexander Family Trust (Mark and Phyllis Alexander), The Diserio Family Trust (Vince and Joyce Diserio), and Betty Hazelbaker
 
 
 [2]
 Investors do not dispute that the SPE offering was private
 
 
 [3]
 Cal.Corp.Code § 25401 provides that "[i]t is unlawful for any person to offer or sell a security [in California] ... by means of any written or oral communication" that includes an untrue statement of material fact or omits a material fact necessary to make the statements not misleading
 
 
 [4]
 The jury's verdicts on Investors' professional negligence claims also suggest that the jury may have concluded that Investors' reliance on Stark's own statements was unreasonable. The jury found that all Investors were contributorily negligent, to the degree of 75%, compared to Stark's negligence of 25%
 
 
 [5]
 The jury's verdicts in favor of Stark on Investors' state law fraud claims also are not irreconcilably inconsistent with the section 25401 verdict. The trial court instructed the jury that the fraud claims required findings that Investors were justified in relying on Stark's statements. Like the jury's Rule 10b-5 verdict in Stark's favor, the state law fraud verdicts may reflect the jury's conclusion that Investors' reliance on Stark's independent statements was not justifiable
 
 
 [6]
 The district court, without objection from Stark, instructed the jury on section 25401 without including an element of reasonable reliance
 
 
 [7]
 For the same reason, it is not necessary for us to address Stark's arguments that a section 25401 verdict based on a theory of agency would be inconsistent with the jury's verdicts in favor of Stark and Thomas on the section 25503 claim
 
 
 [8]
 The district court applied the pre-December 1, 1993 Rule 11 to the motion for sanctions because all of the relevant conduct took place before that time. We need not decide whether this ruling was correct, because we conclude that our decision would be the same whether the previous, mandatory version of Rule 11 or the current, discretionary version of Rule 11 applies